1
2
3
4    UNITED STATES DISTRICT COURT
5    NORTHERN DISTRICT OF CALIFORNIA
6
7    JAVIER F. CORRAL,                          Case No. 17-cv-03987-JST
8                    Petitioner,               **ORDER GRANTING MOTION TO DISMISS**
9         v.                                   Re: ECF No. 18
10   JEFFERSON SESSIONS, et al.,
11                  Respondents.
12

13        Petitioner Javier Corral brought this petition for habeas corpus on July 14, 2017.  ECF No.

14   1.  The Department of Homeland Security ("DHS") arrested Petitioner, Javier F. Corral, on May 2,

15   2017, detained him, and initiated removal proceedings against him.  Id. ¶ 3.  At a custody

16   redetermination hearing held on June 8, 2017, an Immigration Judge determined that Corral

17   should be detained without bond.  Id. ¶ 3; ECF Nos. 14 at 4, 22 at 5.  Corral remained in custody

18   at the time he filed his petition.  ECF No. 1 ¶ 1.  In his petition, Corral asked the Court to order his

19   "continued detention without bond by Respondents to be unconstitutional and in violation of the

20   Immigration and Nationality Act."  ECF No. 1 ¶ 60.

21        On August 2, 2017, Corral was released from immigration custody, but he was redetained

22   on August 4, 2017.  ECF Nos. 14 at 2, 22 at 5.  On August 7, 2017, Corral was released again,

23   under an order of supervision.  ECF Nos. 14 at 2; 22 at 5.  He has not been in DHS custody since

24   that time.

25        Respondent filed this motion to dismiss for lack of jurisdiction on August 31, 2017,

26   arguing that because DHS has released Corral from custody, there is no effective relief the Court

27   can grant, and therefore no remaining live case or controversy.  See ECF No. 18 at 8.  In his

28   response, Corral asks for an order finding that his past detention "violated both the U.S.

Constitution and the Immigration and Nationality Act." ECF No. 22 at 7.

"A litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." Abdala v. I.N.S., 488 F.3d 1061, 1063 (9th Cir. 2007) (internal quotation marks and citation omitted). A habeas petition only continues to present a live controversy after a petitioner's release when there is "some remaining 'collateral consequence' that may be redressed by success on the petition." Id. at 1064.

Corral has not asked for relief that can be redressed by success on the petition. The prior detention order that prompted his petition is no longer of any legal effect. Corral recognizes this, but hopes that a pronouncement by this Court that his prior detention was illegal might influence an immigration judge in a future proceeding. But that proceeding has yet to happen, and "it is purely a matter of speculation whether such [a hearing] will *ever* occur." Spencer v. Kemna, 523 U.S. 1, 16 (1998) (emphasis added). More than speculation is required to create a live controversy. Id.

There is no further relief that the Court can provide. Corral's habeas petition is moot. The motion to dismiss is granted.

**IT IS SO ORDERED.**

Dated: December 19, 2017

_____
JON S. TIGAR
United States District Judge